UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:94-CV-17 CAS |
| ) | |
| MEL CARNAHAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This closed prisoner civil rights matter is before the Court on plaintiff Melvin Leroy Tyler's "Petition Under Rule 60(b)(6) and For Clarification." No response has been filed by the defendants and the time to do so has passed. The Court construes the "Petition" as a motion.

The motion seeks "clarification" and accuses "the defendants and their agents with suppression of material facts and evidence." Plaintiff seeks a "clear define [sic] ruling" that (1) this action did not include a claim that the plaintiffs did not have salad bars and brunches on the weekends, and were seeking injunctive relief and millions of dollars in damages for that violation; (2) the defendants suppressed material evidence that contaminated foods were being served to the plaintiffs, citing United States v. West, 942 F.2d 528 (8th Cir. 1991); and (3) "dozens and dozens of Missouri Department of Corrections inmates had died from tuberculosis prior to this suit and it was all suppressed from plaintiffs." Mot. at 1. Plaintiff seeks an order under Rule 60(b)(6) that "clear indicates, that the dozens of tuberculosis deaths and feeding contaminate[d] foods to prisoners was unethic[a]l" and that "plaintiffs never filed a law suit as described by Jeremiah Nixon in this case." Id. at 2. Attached as exhibits to the motion are photocopies of a Missouri Department of

Corrections publication titled "Somewhere in Time," newspaper and magazine articles, and court decisions.

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a court, on motion, to "relieve a party or its legal representative from a final judgment, order or proceeding" for "any other reason that justifies relief." The Eighth Circuit has stated, "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005).

Rule 60 also requires that "[a] motion under Rule 60(b) must be made within a reasonable time. . . ." Fed. R. Civ. P. 60(c). The determination of reasonable time under the Rule is "dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). The default judgment at issue in Watkins was allowed to stand without objection for seventeen months. Id. Although the question of timeliness was not raised by the parties, the Eighth Circuit stated it had "considerable trepidation" about the timeliness of the Rule 60(b) motion in Watkins. Id.

This case was closed on May 1, 1996, almost twenty years ago. The "reasonable time" to vacate the judgment has passed long ago. Further, plaintiff makes no showing of exceptional circumstances to come within the scope of Rule 60(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tyler's "Petition Under Rule 60(b)(6) and For Clarification," construed as a motion for relief under Rule 60(b)(6), is **DENIED**.  [Doc. 263]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of February, 2016.