# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:94-CV-17 CAS |
| ) | |
| MEL CARNAHAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on plaintiff Melvin Leroy Tyler's "Motion Under Rule 59(e) and/or Independent Action Rule 60(b)(d)(1) [sic] Requesting Clarification." No response has been filed by the defendants and the time to do so has passed. Plaintiff's motion asserts, among other things, that the judgment in this case was "founded on fraud," asks the Court to reopen the case and require the defendants to show cause with respect to plaintiff's allegations, and suggests that the Court refer the case to the United States Department of Justice "for possible suit" based on claimed violations of federal and state statutes.

**Rule 59(e) Motion**

A motion to alter or amend a judgment must be filed within 28 days after the entry of judgment. Rule 59(e), Federal Rules of Civil Procedure. "Rule 59(e)'s 28-day time limit *may not be extended*. See Rule 6(b)(2)." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014). Where the motion is untimely the Court lacks jurisdiction to consider it. Id. The judgment in this case was entered in 1996. As a result, plaintiff's untimely Rule 59(e) motion must be denied for lack of jurisdiction.

**Rule 60(d) Motion**

The text of Rule 60(d) provides in pertinent part:

**d. Other Powers to Grant Relief**. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
. . . .
(3) set aside a judgment for fraud on the court.

Rule 60(d), Fed. R. Civ. P.

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

As a threshold matter, plaintiff has not filed an independent action, but rather has filed a motion in this closed 42 U.S.C. § 1983 matter. Plaintiff therefore does not invoke Rule 60(d)(1) and is not entitled to relief under it. See, e.g., Taylor v. United States, 2014 WL 1652348, at *2 (E.D. Mo. Apr. 24, 2014); Best v. United States, 2010 WL 3782160, at *2 (N.D. Ind. Sept. 22, 2010); Bailey v. City of Ridgeland, Miss., 2008 WL 4793738, at *2 (S.D. Miss. Oct. 30, 2008).

To the extent that plaintiff's Rule 60(d) motion is properly considered in this action, it will be denied. As grounds to establish that the judgment dismissing this action was based on fraud, plaintiff points to a criminal case, United States v. West, 942 F.2d 528 (8th Cir. 1991), in which the

defendant pleaded guilty to selling adulterated meat food products to the State of Missouri with the intent to defraud. Plaintiff contends that he and other prison inmates consumed those adulterated products, and asserts that although the State of Missouri received restitution from the West defendants, none of the prisoners were compensated. Plaintiff asks why no state criminal charges were filed based on the serving of contaminated foods to prisoners, and asserts the failure to do so was "a form of State Mis-prison of a felony." Mot. at 3. Plaintiff also contends that his and other prisoners' "cases were dismissed because State Attorney General suppressed the facts of West selling contaminated food." Id. Finally, plaintiff asserts that the State of Missouri "should be ordered to show cause because dozens of MDC inmates had previously died of diseases, TB, etc. . . . and all these facts were concealed and suppressed . . . . and [there were] other deaths by contamination." Id. at 4.

Thus, plaintiff is contending the State of Missouri and then-Attorney General Jay Nixon committed fraud by suppressing the facts of the West prosecution as they engaged in the defense of plaintiff's claims in the instant action. This contention is patently unavailing because the federal charges against West and his guilty plea were public matters, and the 8th Circuit Court of Appeals' decision in United States v. West was issued August 21, 1991. The instant action was filed January 6, 1994. The existence and facts of West's prosecution were available to plaintiff when this action was filed, and cannot have been "suppressed" by the defendants or be considered as fraud upon plaintiff or the Court.

For these reasons, the Court finds that plaintiff has not made "a showing of exceptional circumstances," or established the existence of "a grave miscarriage of justice" or "gross injustice" that could warrant the extraordinary relief of setting aside a judgment under Rule 60(d).[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tyler's "Motion Under Rule 59(e) and/or Independent Action Rule 60(b)(d)(1) [sic] Requesting Clarification" is **DENIED** for lack of jurisdiction as to Rule 59(e), and **DENIED** as to Rule 60(d)(1). [Doc. 265]

                                                                              **CHARLES A. SHAW**
                                                                              **UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of March, 2016.

---

[1] Although Rule 60(d) permits an independent action and prescribes no time limitations for such action, the equitable doctrine of laches applies. Crosby v. Mills, 413 F.2d 1273, 1276 (10th Cir. 1969); Charles Alan Wright and Arthur R. Miller, 11 Federal Practice & Procedure § 2868 (3d ed. 2002) ("There is no time limit on when an independent action may be brought, but the doctrine of laches is applicable and undue delay may bar relief."). Here, there is no explanation for why plaintiff delayed almost twenty years before attempting to resurrect this case. Even if plaintiff were able to qualify for relief under Rule 60(d), which he does not, this matter would likely be barred by laches.